```
                 UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| MICHAEL BROWN, | : |
| | : |
| | : Civil Action No. |
| Plaintiff, | : **08-3160 (NLH)** |
| | : |
| v. | : |
| | : **OPINION** |
| THE HARTFORD GROUP, | : |
| | : |
| Defendant. | : |

**APPEARANCES**

Corrin M. Dement, Esquire
William J. Popjoy, Esquire
Hoffman Di Muzio
25-35 Hunter Street
P.O. Box 7
Woodbury, NJ 08096
    On behalf of plaintiff

Heather Nicole Oehlmann, Esquire
Pepper Hamilton, LLP
301 Carenegie Center
Suite 400
CN 5276
Princeton, NJ 08543-5276
    On behalf of defendant

**HILLMAN**, District Judge

    This matter has come before the Court on the motion of defendant Hartford Life Insurance Company (improperly pled as The Hartford Group) to dismiss the complaint of plaintiff, Michael Brown.  For the reasons expressed below, defendant's motion will be granted.

**BACKGROUND**

Plaintiff filed a complaint in New Jersey Superior Court, which was removed to this Court by defendant, seeking the immediate withdrawal of funds from an annuity, which names plaintiff as a beneficiary, purchased by plaintiff's father, Roy Brown, now deceased, from defendant Hartford Life Insurance Company ("Hartford"). The annuity is payable over forty years, and as of December 31, 2007, the annuity was worth over $180,000, but plaintiff is seeking the immediate release of all the funds due to "extenuating circumstances." These circumstances include the sale of his home for a significant loss in order to avoid foreclosure, the costs of a recent divorce, alimony and child support, care for his ill sister, home repairs, taxes, car payment, dental work, and reduction in salary due to decreased overtime.

Hartford has filed the instant motion to dismiss arguing that according to the terms of the annuity, which were specifically set up by plaintiff's father, only a certain amount is to be distributed to plaintiff yearly, rather than in one lump sum. Hartford argues that it has complied with the terms of the annuity contract, and the terms of the contract prohibit the disbursement of a lump sum payment. Additionally, Hartford argues that plaintiff is not entitled to any type of equitable relief.

Plaintiff has opposed defendant's motion, but instead of arguing that he is entitled to reform the contract, he contends, based on the principle of equitable estoppel, he should recover the costs of hiring an attorney to file suit against Hartford. He claims that an employee of Hartford informed him to get a court order and Hartford would release the funds "without a fight." Because Hartford has contested plaintiff's lawsuit seeking the immediate lump sum payment, plaintiff argues he is entitled to reimbursement of his attorney's fees.

## DISCUSSION

### A. Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

### B. Standard for Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. Evancho v. Fisher, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

3

Civ. P. 8(a)(2).  Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim.  Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977).  However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

   A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'"  Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").

4

A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997). The defendant bears the burden of showing that no claim has been presented. Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999). A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56. Fed. R. Civ. P. 12(b).

**C.  Analysis**

It is apparent from plaintiff's opposition to defendant's motion to dismiss that he does not contest that he does not have

a valid reformation claim.  Reformation is an equitable remedy designed "to restore the parties to the status quo ante and prevent the party who is responsible for the [wrongdoing] from gaining a benefit." Farris v. County of Camden, 61 F. Supp. 2d 307, 336 (D.N.J. 1999) (citing Bonnco Petrol, Inc. v. Epstein, 560 A.2d 655 (N.J. 1989)).  Reformation is permissible in cases where there has been (1) a unilateral mistake accompanied by fraud or (2) a mutual mistake with regard to the terms of the instrument.  Alexander v. CIGNA Corp., 991 F. Supp. 427, 442 (D.N.J. 1998) (citations omitted).  "Absent fraud, accident or mistake, courts will not grant the high remedy of reformation." Id.

    The annuity purchased by plaintiff's father restricted his beneficiaries' access to the proceeds of the annuity.  The annuity specifically provided that the beneficiary had no right to change the terms of the payments, and the disbursement forms plaintiff completed to trigger the payment of the annuity reiterated that restriction.  Plaintiff has not pled or argued that there was any mutual or unilateral mistake regarding the terms of the annuity payment.  He has not pled or argued that there was fraud or an accident.  Indeed, it was because of plaintiff's knowledge of this restriction that he filed suit against Hartford.  Consequently, because a court cannot "rewrite the contract merely because one might conclude that it might well

6

have been functionally desirable to draft it differently," <u>Karl's Sales and Service, Inc. v. Gimbel Bros., Inc.</u>, 592 A.2d 647, 650 (N.J. Super. Ct. App. Div. 1991), any request by plaintiff to reform the contract to provide for a single, lump sum payment must be denied.

Changing tack, in his opposition to defendant's motion, plaintiff abandons his request for a lump sum payment, and instead claims that defendant should reimburse him for his attorney's fees because an unidentified employee at Hartford, with whom he spoke over the telephone when he called Hartford's "800" number, told him that the only way it would provide for a lump sum payment was if plaintiff obtained a court order. Plaintiff represents that the Hartford employee informed him that it would be "easy" to obtain the court order, and that Hartford would not "fight" plaintiff's efforts. Plaintiff claims that because now Hartford is contesting plaintiff's attempt to obtain that court order, he should be reimbursed his attorney's fees, since he only hired an attorney pursuant to the Hartford employee's suggestion. Plaintiff asserts the equitable principle of estoppel as a basis for this claim.

As a primary matter, plaintiff is essentially seeking to amend his complaint, by way of his opposition to defendant's motion to dismiss, to assert a new cause of action. Plaintiff's complaint contains no claim for the reimbursement of his

7

attorney's fees based on equitable estoppel.  This is procedurally improper.  See Fed. R. Civ. P. 15(a)(2) (providing that a party may file an amended complaint prior to service of a responsive pleading, or "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave"); Bell v. City of Philadelphia, 275 Fed. Appx. 157, 160 (3d Cir. 2008) (stating that a plaintiff "may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment").

Even if, however, plaintiff files an amended complaint containing his equitable estoppel claim, it would fail.  In order to "establish a claim of equitable estoppel, the claiming party must show that the alleged conduct was done, or representation was made, intentionally or under such circumstances that it was both natural and probable that it would induce action."  Miller v. Miller, 478 A.2d 351, 355 (N.J. 1984) (citation omitted).  Additionally, "the conduct must be relied on, and the relying party must act so as to change his or her position to his or her detriment."  Id.  The burden of proof of a claim based on principles of equitable estoppel is on the party asserting estoppel.  Id.

Here, even if plaintiff could prove that the unidentified Hartford employee made the statement that obtaining a court order would be "easy" and that Hartford would not "fight" it, and

8

plaintiff could prove that the Hartford employee knew that plaintiff would hire an attorney based on his suggestion, and it was reasonable for plaintiff to follow the Hartford employee's alleged advice--all of which is unlikely--the causal connection between the Hartford employee's statement and plaintiff expending money to hire an attorney is broken by the attorney's decision to accept plaintiff as a client and to file suit based on plaintiff's recount of his conversation with the unidentified Hartford customer service representative.  The causal connection is also broken by the attorney's duty to analyze the merits of plaintiff's claim.

   Under Federal Civil Procedure Rule 11, an attorney has a duty to certify that to the best of her "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery."  Fed. R. Civ. P. 11(b)(1), (2).  Based on this rule, plaintiff's attorney had a duty to only file suit asserting claims that the attorney believed were supportable.  The claim counsel determined to

9

pursue was reformation of the annuity contract.  Just because that claim has proven to be unsuccessful,[1] the Hartford employee's alleged representations cannot be held to require Hartford to pay plaintiff's counsel for choosing to filing suit against it.

Consequently, because defendant has demonstrated that plaintiff has failed to state a valid claim, his complaint must be dismissed.  An appropriate order will be entered.


Date: February 23, 2009                s/ Noel L. Hillman

At Camden, New Jersey                  Noel L. Hillman, U.S.D.J.

---

[1] We do not mean to suggest that plaintiff's counsel's decision to file this action is sanctionable under Rule 11, only that the attorney's review of plaintiff's claim and decision to file suit broke the chain of causation.